## HOLT *v.* MYERS.

[No. 7,096.　Filed April 21, 1909.]

1. APPEAL.—*Dismissal.*—*Record.*—*Binding of.*—An appeal will not be dismissed because the transcript is not neatly and securely bound, where it appears to be bound neatly and securely for its intended use. p. 539.

2. APPEAL.—*Dismissal.*—*Briefs.*—*Statement of Record and Points.* —An appeal will not be dismissed because a concise statement of the record showing the alleged errors, is not set out in the brief, where under the assignment of errors there is a specification that the court erred in overruling the motion for a new trial, and under "Errors Relied Upon for Reversal" the different specifications in the motion for a new trial, which are questioned, are set out, giving the page and line of the transcript where found. p. 539.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Holt *v.* Myers—43 Ind. App. 538.

Action by Frederick Myers against Sterling R. Holt. From a judgment for plaintiff for $150 on a verdict for $300, a *remittitur* having been filed for $150, defendant appeals. On motion to dismiss appeal. (For decision on merits, see — Ind. App. —.) *Motion overruled.*

*Kealing & Hugg,* for appellant.

*E. M. Hornaday,* for appellee.

COMSTOCK, P. J.—Appellee moves to dismiss this appeal upon two grounds: (1) Appellant has not complied with rule three of this court, which requires that appellant shall cause the transcript to be neatly and securely bound, and (2) appellant has disregarded the fifth part of rule twenty-two, which provides that appellant's brief shall contain "a concise statement of so much of the record as fully presents every error and exception relied on." The record is comparatively brief. It contains, including certificate of clerk, only thirty pages. It comes to us bound neatly and securely for the use for which it is intended.

The second specification of the assignment of error is "that the court erred in overruling appellant's motion for a new trial. Under the head of "Errors Relied Upon for Reversal" this specification of error is stated, and then follows: "The fourth reason in appellant's motion for a new trial is 'that the court erred in giving instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 13½, and each of them, on its own motion [referring to pages and lines of transcript].' The thirteenth reason: 'That the court erred in giving instruction number nine, of its own motion [referring to pages and lines of transcript].' The sixteenth reason: 'That the court erred in giving instruction number twelve, of its own motion [referring to pages and lines of transcript].' The instructions given by the court, together with the exceptions taken thereto by the appellant, were filed with the clerk of the court, pursuant to §561 Burns

1908, Acts 1907, p. 652, and were, by order of the court, made part of the record in this cause [giving pages and lines of transcript]. Instructions nine, eleven and twelve, given by the court as aforesaid, are as follows." These instructions are set out *in haec verba*, giving pages and lines of transcript, and the parts of said instructions claimed to be reversible error are italicised. This statement in the brief sufficiently complies with the rule, and at the pages indicated the exceptions are shown to have been taken. There are marginal notes on transcript indicating the pleadings, instructions requested, instructions given and instructions refused, the verdict and judgment thereon, the defendant's motion for a new trial, and the various rulings of the court, and altogether, so far as the motion goes, there is a substantial compliance with the rule of court.

The motion to dismiss the appeal is overruled.